511 A.2d 69

**Thomas A. WINDSOR**

v.

**Charles E. BOZMAN, et al.**

**No. 1333, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 8, 1986.

Certiorari Denied Dec. 5, 1986.

Steven G. Hildenbrand, Asst. Atty. Gen. of Towson (Stephen H. Sachs, Atty. Gen. on brief of Baltimore), for appellant.

Thomas S. Simpkins of Princess Anne, for appellee, Bd. of Co. Com'rs for Somerset Co.

Leonard L. Lucchi (Benjamin R. Wolman and Wolman, Gushee & Newman on brief), Upper Marlboro, for appellee, Bozman.

Argued Before KARWACKI, BELL, ROBERT M. and WENNER, JJ.

KARWACKI, Judge.

On October 17, 1983, Charles E. Bozman, the appellee, ceased to serve as a deputy sheriff of Somerset County. The controversy which has led to this appeal concerned the nature of his termination, *i.e.*, was he fired or did he quit?

On August 28, 1984, the appellee filed suit in the Circuit Court for Somerset County against Thomas A. Windsor, Sheriff of Somerset County, the appellant, and the Board of County Commissioners of Somerset County, which is responsible for the salaries of the Sheriff and his deputies. Md. Code (1974, 1984 Repl. Vol.), § 2–309 of the Courts and Judicial Proceedings Article. He sought a writ of mandamus and an injunction to compel his reinstatement as a deputy sheriff, as well as damages for his alleged wrongful discharge. His claim of wrongful discharge was grounded on the theory that since he was a "law enforcement officer" protected by the Law Enforcement Officers' Bill of Rights (LEOBR), Md. Code (1957, 1982 Repl. Vol., 1984 Supp.) Article 27, §§ 727 *et seq.*, his employment could not be terminated unless he was afforded certain procedural rights thereunder. He alleged that the appellant had terminated his employment for disciplinary reasons. The issue be-

tween the appellant and the appellee was joined on October 16, 1984, in the appellant's answer to the appellee's Second Amended Complaint. In that answer, the appellant denied that he had terminated the appellee's employment, alleged that the appellee had refused repeated offers of reinstatement since October 17, 1983, and agreed to consent to an order that the appellee be immediately reemployed as a deputy sheriff. In its answer, the Board of County Commissioners denied any participation in any alleged wrongful discharge of the appellee by the appellant, and, by cross claim, sought indemnification from the appellant for the amount of any judgment which might be rendered against it in favor of the appellee. After a conference with the court, the parties consented to an order reinstating the appellee "to his former position as deputy sheriff of Somerset County effective December 21, 1984."

The issue of whether the appellee was fired or quit on October 17, 1983, surrounds a letter which he received from the appellant on October 5, 1983. We set it forth in full:

Oct. 3, 1983

TO:  Deputy Charles E. Bozman

SUBJECT: Termination of the Position of Deputy Sheriff Somerset County, Maryland

This is to officially notify you that as of Oct 17, 1983 you are no longer an authorized and duly sworn officer of the Somerset County Sheriff's Department and any and all authority invested in you is now terminated. You must return any and all equipment, identification and or property to this office within 15 days of receipt of this notice.

Thank You,

/S/Thomas A. Windsor

Thomas A. Windsor

Sheriff, Somerset County

The appellee testified that he had no indication prior to receiving the letter of any desire on the part of the appellant to terminate his employment. Despite the unequivocal

message contained in this letter, the appellant testified that it was not his intention thereby to terminate the appellee's employment, and that he explained this to the appellee before he left office on October 17, 1983. The appellant stated that the purpose of the letter was to reassign the appellee from duties as a "road deputy," serving civil process papers and performing general law enforcement duties, to those of a correction officer in charge of prisoners committed to the custody of the sheriff.

When the case was called for trial on April 25, 1985, the trial judge preliminarily determined that the case would be submitted to the jury for its special verdict pursuant to Rule 2–522(c) on a single issue: "In October of 1983, was Mr. Bozman fired or did he quit?" He reasoned that under the LEOBR a deputy sheriff of Somerset County could never be discharged without a hearing and, consequently, if the jury determined that the appellee was fired, as a matter of law he was entitled to recover the salary he lost between October 17, 1983, and December 21, 1984. Objections to this procedure by the appellant were overruled and all evidence offered by the appellant at trial to show that the appellee's termination on October 17, 1983, was unrelated to any investigation of him and not a punitive measure was rejected. The appellant's motion for judgment after the close of all the evidence was denied.

The jury found that the appellee had been fired on October 17, 1983. On receipt of that special verdict, the court decided that the appellee was entitled to judgment against both the appellant and the Board of County Commissioners in the amount of the salary he would have received between October 18, 1983, and December 21, 1984.[1] The court also found the appellant liable on the cross claim of the Board for indemnity from the judgment in favor of

---

1. The Board of County Commissioners appeared in this Court as an appellee. It filed no cross appeal from the judgment rendered against it in favor of the appellee, Bozman. In the body of this opinion we have used the term "appellee" as a reference to Mr. Bozman only.

the appellee against it. After judgments in favor of the appellee and the Board were ordered by the court and the appellant's motions for judgment n.o.v. or for a new trial were denied, this appeal was timely filed.

We will reverse the judgments entered against the appellant for the reasons we now explain.

The LEOBR guarantees the law enforcement officers of this State (with few exceptions)[2] certain substantive rights, insures that they shall enjoy specified procedural safeguards during any investigation of their conduct which might result in disciplinary action, demotion, or dismissal, and mandates a fair hearing on any recommendations of punitive measures which result from an investigation of an officer's conduct. *DiGrazia v. County Exec. for Montg. Co.*, 288 Md. 437, 418 A.2d 1191 (1980); *Maryland State Police v. Resh*, 65 Md.App. 167, 499 A.2d 1303 (1985). These rights are buttressed by § 733 of the LEOBR, which provides:

> A law-enforcement officer may not be discharged, disciplined, demoted, or denied promotion, transfer, or reassignment, or otherwise discriminated against in regard to his employment or be threatened with any such treatment, by reason of his exercise of or demand for the rights granted in this subtitle, or by reason of the lawful exercise of his constitutional rights.

It is undisputed that the appellant was entitled to the protection of the LEOBR as a deputy sheriff of Somerset County. § 727(b)(5). What is equally clear, however, is that he enjoyed no tenure in that position; he served at the

---

**2.** Section 727(c) provides that:

*"Law-enforcement officer"* does not include an officer serving in a probationary status except when allegations of brutality in the execution of his or her duties are made involving an officer who is in a probationary status. The provisions of this subtitle do not apply to persons serving at the pleasure of the Police Commissioner of Baltimore City or the appointing authority of a charter county. The term "probationary status" includes only an officer who is in that status upon initial entry into the Department.

pleasure of the appellant, who appointed him. Under Article IV, § 44 of the Maryland Constitution, the sheriff of each county shall "exercise such powers and perform such duties as now are or may hereafter be fixed by law." The common law power of a sheriff to appoint deputies who serve at his pleasure has been modified by the General Assembly in some counties, *Allgood v. Somerville*, 43 Md. App. 187, 403 A.2d 837 (1979), but at the time the appellee was fired by the appellant, deputy sheriffs in Somerset County were not protected by any statute granting them tenure in their appointed positions.[3]

Notwithstanding his lack of tenure as a deputy sheriff, the appellant was still entitled to the protections afforded by the LEOBR. § 727(b)(5). *DiGrazia v. County Exec. for Montg. Co., supra.* In *DiGrazia*, the Court of Appeals held that the non-tenured Director of the Montgomery County Police Department met the then applicable definition of "law enforcement officer" contained in the LEOBR and as such could not be discharged without being afforded the procedural rights guaranteed him thereunder *for a reason prohibited by the LEOBR.* Emphasizing that the LEOBR does not confer tenure upon a law enforcement officer who serves at the pleasure of his appointing authority, Chief Judge Murphy, speaking for the Court, stressed:

> Although it was clearly within Gilchrist's power to remove DiGrazia from the office of Director of Police and replace him with another appointee, his decision to terminate DiGrazia's employment would not have been lawful if it was made because of DiGrazia's exercise of constitutionally protected first amendment rights.

288 Md. at 447, 418 A.2d 1191.

3. Effective July 1, 1985, the Legislature has empowered the County Commissioners of Somerset County to include the employees of the county's sheriff's department in the county's merit system. Chapter 70 of the Acts of 1985, codified as Md.Code (1957, 1981 Repl. Vol., 1985 Supp.), Art. 25, § 3(f).

To afford the Act its legislatively intended construction does not unlawfully impair the authority of the County Executive to remove or replace a non-tenured police department official. The Act simply restricts the right of the appointing authority to discharge such an official for a reason that runs afoul of its protective provisions.

288 Md. at 454, 418 A.2d 1191.

Under § 730 of the LEOBR a law enforcement officer is entitled to a hearing on any recommendation of his dismissal which stems from investigation of his conduct or his interrogation.[4] Section 733 prohibits his discharge because of his "exercise of or demand for the rights granted in this subtitle, or by reason of the lawful exercise of his constitutional rights."

Although the appellee alleged in his complaint that his employment as a deputy sheriff was terminated by the appellant "for disciplinary reasons," he offered no evidence to support this assertion at the trial. Rather, the evidence on his behalf was limited to demonstrating that his discharge was without prior warning and without any cause. That evidence established that his conduct as a law enforcement officer had not been investigated prior to his dis-

---

**4.** Section 730 provides that:

If the investigation or interrogation of a law-enforcement officer results in the recommendation of some action, such as demotion, dismissal, transfer, loss of pay, reassignment, or similar action which would be considered a punitive measure, then, except in the case of summary punishment or emergency suspension as allowed by § 734A of this subtitle and before taking that action, the law-enforcement agency shall give notice to the law-enforcement officer that he is entitled to a hearing on the issues by a hearing board.

In *Town of Westernport v. Duckworth,* 49 Md.App. 236, 431 A.2d 709 (1981), we held that where a police officer was suspended and then discharged as disciplinary sanctions for his accidental shooting of another municipal employee, he was entitled to a hearing under this section prior to those sanctions being imposed. But, in *Chief, Balto. Co. Police v. Marchsteiner,* 55 Md.App. 108, 461 A.2d 28 (1983), and *Montgomery County Dept. of Police v. Lumpkin,* 51 Md.App. 557, 444 A.2d 469 (1982), we held that no hearing under this section was required prior to the transfer of a police officer where that transfer was not punitive in nature.

charge. Nor does the record reflect any suggestion that he was discharged because he demanded any rights afforded him under the LEOBR or because of any lawful exercise of his constitutional rights. In sum, the record is devoid of any evidence from which his entitlement to a hearing under § 730 or his protection from discharge under § 733 might be inferred.

The appellee was satisfied to establish his discharge without cause and then to urge that such discharge was ineffective because of the LEOBR. In adopting that strategy, the appellee failed to produce any legally sufficient evidence that his discharge without a hearing violated either § 730 or § 733 of the LEOBR.

JUDGMENTS REVERSED; PURSUANT TO RULE 1072(b) THE CIRCUIT COURT FOR SOMERSET COUNTY IS ALSO DIRECTED TO VACATE THE JUDGMENT RENDERED IN FAVOR OF THE APPELLEE BOZMAN AGAINST THE APPELLEE BOARD OF COUNTY COMMISSIONERS OF SOMERSET COUNTY;

COSTS TO BE PAID BY THE APPELLEE BOZMAN.